JUSTICE LEAPHART
dissenting.
¶20 I dissent. There is merit to Davis’s argument that the statute of limitations should be equitably tolled under the circumstances of this case.
¶21 As the Court notes, Davis had until November 8, 2005, to file a petition for postconviction relief. Some forty-two days prior to that deadline, he filed a request for appointment of counsel. On December 2, 2005, the District Court, erroneously believing that Davis’s time to file had already expired, belatedly denied his request as untimely. As this Court notes, the District Court also gave an alternative rationale for denying the request-that is, it could only appoint counsel if Davis had filed a petition demonstrating entitlement to postconviction relief. In latching onto that procedural rationale, the Court is demanding a degree of sophistication beyond the ken of a pro se litigant.
¶22 Davis requested appointment of counsel so that counsel could prepare the appropriate postconviction pleadings for him. It would be counter-intuitive for Davis to realize, as this Court would require, that, even though his request for counsel was still pending, he had to take the initiative and file the very pleadings he wanted counsel to draft in *7 the first instance. A reasonable person, lay or professional, would assume that if one’s motion for counsel is deficient or without merit, the court would say so in a timely fashion so that one could then correct the deficiency or file pro se within the applicable time period. Here, the court, by not acting in a timely fashion, lulled Davis into thinking that his motion for counsel was still viable.
¶23 Notably, the reason the District Court did not rule on Davis’s motion before November 2005 is that the court mistakenly thought the statute of limitations had already expired. Curiously, this Court forgives the District Court’s error and then faults Davis for not having previously argued equitable tolling because “it is fundamentally unfair to fault a district court on an issue it was never given an opportunity to address.” The question, however, is not whether the District Court has been treated fairly, but whether the system has been fair and equitable to the defendant. I suggest that it is fundamentally unfair to fault a lay person for not filing pro se when that person has a pending request for counsel for the purpose of preparing the very papers that the Court now says should have been filed earlier. In effect, the court system is telling Davis, “Sorry for the delay in ruling on your motion for counsel; it is hereby denied. And by the way, it’s now too late for you to proceed without counsel.” Captain Yossarian is no doubt smiling.
JUSTICE COTTER and JUSTICE NELSON join in the dissenting opinion of JUSTICE LEAPHART.